UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CR No.: 00-00122-01L |
| | : | |
| NICKOYAN WALLACE | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES the defendant, Nickoyan Wallace, and addresses the two questions posed by the court relative to the defendant's re-sentencing.

This matter came before the court on the defendant's "2255 petition" challenging his sentence due to "double counting."

The court agreed with the defendant and found that his initial guideline calculation was erroneous due to the application of Section 2B3.1(b)(2)(B) which enhanced the defendant's guideline range by six (6) levels, to a level 29.

The court's decision on the defendant's petition would have effectively reduced his guideline level to 23 as to Counts I and II, and since the calculations regarding Count III were unchallenged, that level would have remained at 22.

Following the court's decision and there being no other change in circumstances regarding this defendant's guideline calculations, the defendant should be re-sentenced based on the original presentence report, less the wrongfully applied six levels enhancement.

Instead, it appears that probation "pulled out all the stops" in its effort to make sure that Nickoyan Wallace was placed back into the same adjusted offense level that was previously determined to be "illegal."

Probation has recalculated the guidelines in such a way that it has "found" enhancements not previously applied to this defendant and based on "facts" that were not found by the jury nor admitted to by the defendant, the goal being to reinsert Mr. Wallace into an adjusted offense level 29.

With the advent of Booker came some "rejoicing," and some sighs of relief that the discretion in sentencing had finally been returned to the judiciary.

The Supreme Court however, in its infinite wisdom refused to apply its decision in Booker retroactively but instead, limited its application to all cases on direct review. To make it otherwise would have opened the proverbial floodgate and would have allowed every defendant sentenced prior to 2005 to seek its potential relief.

Nickoyan Wallace was originally sentenced in 2002 and would not have had the "privilege" of being sentenced under advisory guidelines and since this is not a matter that is on "direct review", he should be re-sentenced as if the guidelines were still mandatory.

Whether this position ultimately works to his benefit or detriment remains undetermined but it is the position to which he adheres.

There is no doubt as the government asserts, that the "guidelines remain part and parcel of the sentencing algorithm" (United States v. Pho, 433 F.3rd 53,61 (1st Cir. 2006) post Booker. The question that remains is whether pre-Booker conduct, a pre-Booker

trial, and pre-booker guideline calculations should be affected on account of re-sentencing which although is post-Booker, has no Booker issues!

The defendant asserts that to apply Booker retroactively would be clearly violative of the Supreme Court's decision in Booker itself which mandated that it be applied only to those cases on direct review, and would violate the defendant's rights to due process of law.

It is defendant's contention that absent a change in circumstances (of which there are none), he should be sentenced on the basis of the original PSR, less the improper six level enhancement. In fact, this court noted that his motion to vacate was granted "to the extent, and only to the extent, that the original sentence involved such "double counting" contrary to Guideline § 2K2.4 and its background note. Although this court took no view "as to what Wallace's new sentence might be," the court itself limited the motion to vacate to one issue, declined to address the other issues raised and is therefore limited not only to the original corrected PSR, but is limited to a pre-Booker analysis of the Guidelines.

The second question posed by the court is: In re-sentencing Wallace, may the court impose a greater or lesser sentence than the sentence originally imposed?

The defendant asserts that the answer to this question can be framed in numerous ways.

If the court determines that it must apply a pre-Booker analysis, then it must treat the guidelines as mandatory. This would effectively limit to some degree the court's ability to depart upward or downward since the court would need to adhere more strictly to the list of "forbidden," "encouraged" and/or "discouraged" factors.

Conversely, if the court disagrees with the defendant's position and determines that it should treat the guidelines as advisory, then it has the discretion – more discretion – to consider all of the factors set forth in 18 U.S.C. § 3553(a). In that case it is the court's duty then to formulate a sentence that is sufficient and reasonable under all of the circumstances.

NICKOYAN WALLACE
By his attorney,
/s/ William C. Dimitri

WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I, the undersigned, do hereby certify that a true copy of the within Defendant's Sentencing Memorandum was mailed on the _________day of October, 2006 to: Stephanie Browne, AUSA, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

_________________________________