UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
UNITED STATES OF AMERICA        :
                                :
     v.                         :     CR 00-122 S
                                :
NICKOYAN WALLACE[1]             :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a pro se petition filed by Defendant Nickoyan Wallace ("Wallace"). The petition is entitled "Petition Pursuant to Rule 5.1 of the Fed. R. Civ. Proc. Challenging the Constitutionality of a Federal Statute 28 U.S.C. §515(a)" (Document ("Doc.") #217) (the "Petition"). The Petition seeks dismissal of the indictment because the First Assistant United States Attorney and an Assistant United States Attorney were allegedly present during the Grand Jury proceedings and such presence was unauthorized. See Petition at 2, 3, 9.

After filing the Petition, Wallace notified the Court that it should be characterized as a petition for habeas corpus pursuant to 28 U.S.C. § 2255. See Constructive Notice of Intent

---

[1] Although Nickoyan Wallace ("Wallace") captioned the petition which is the subject of this Report and Recommendation as "Nickoyan Wallace, Plaintiff v. United States of America, Respondent," Petition Pursuant to Rule 5.1 of the Fed. R. Civ. Proc. Challenging the Constitutionality of a Federal Statute 28 U.S.C. §515(a)" (Document ("Doc.") #217) (the "Petition") at 1, the Court captions it in conformity with the criminal case, United States of America v. Nickoyan Wallace, CR 00-122 S, as the Petition seeks dismissal of the indictment, see Petition at 9.

and Request for an Expedited Resolution Based on Exigent Circumstances (Doc. #219) ("Notice") at 2.[2]  The Court agrees that it should be so characterized and treats it as such.  See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.")(quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)); see also United States v. Barrett, 178 F.3d 34, 47 (1st Cir. 1999)(finding habeas corpus petition filed by federal prisoner to be a "second or successive" § 2255 petition).

The Government has filed a response to the Petition asking that it be denied.  See Government's Response to Petition Pursuant to Rule 5.1 Fed. R. Civ. Pro. (Doc. #218) ("Response") at 1.  The Court has determined that no hearing is necessary.  Because I find that the Petition constitutes a second petition pursuant to 28 U.S.C. § 2255 and that Wallace has not

---

[2] Wallace asserts in his request for expedited resolution that his "release date on the underlying criminal matter is set for June 22, 2009 ...." Constructive Notice of Intent and Request for an Expedited Resolution Based on Exigent Circumstances (Doc. #219) ("Notice") at 3.  The Court fails to see how this can be possible. The offenses occurred on September 25, 2000.  See Indictment (Doc. #1).  Wallace was re-sentenced to a total term of 204 months imprisonment on October 26, 2006, see Amended Judgment (Doc. #172), and that sentence was affirmed by the Court of Appeals on May 23, 2008, see United States v. Nickoyan Wallace, No. 06-2606, Judgment (1st Cir. May 23, 2008).  Thus, even if Wallace has been continuously confined since the offenses were committed, he cannot be close to having completed his entire 204 month sentence.

"obtain[ed] from 'the appropriate court of appeals ... an order authorizing the district court to consider the application[,]' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255)," Raineri v. United States, 233 F.3d 96, 99 (1st Cir. 2000), I recommend that the Petition be dismissed.

## Facts and Travel

On October 18, 2000, Wallace was indicted on charges of: 1) obstruction of interstate commerce by robbery of certain firearms in violation of 18 U.S.C. § 1951; 2) conspiracy to so obstruct; 3) robbery of firearms from a federally licensed dealer, in violation of 18 U.S.C. § 922(u) and 18 U.S.C. § 2; and 4) brandishing a firearm in relation to a crime of violence. See Indictment (Doc. #1). His first trial resulted in a hung jury. See Docket, Entry for 2/23/01. A second trial yielded guilty verdicts on all counts. See id., Entry for 11/8/01. Wallace was sentenced on March 19, 2002, to a total of 204 months imprisonment (120 months on Counts 1-3 to be served concurrently and 84 months on Count 4 to be served consecutively). See id., Entry for 3/19/02. Wallace appealed the conviction and sentence to the United States Court of Appeals for the First Circuit, but his appeal was denied.[3] See United States v. Wallace, 71 Fed.

---

[3] Wallace also appealed the district court's denial of a pro se motion, filed during the pendency of his direct criminal appeal, which sought to vacate his criminal convictions. See Wallace v. United States, 526 F.Supp.2d 277, 280 n.3 (D.R.I. 2007)(noting this action). The Court of Appeals denied this appeal on December 11, 2003. See

Appx. 868 (1st Cir. 2003).  Further review was denied by the U.S. Supreme Court on March 22, 2004.  In re Wallace, 541 U.S. 934 (2004).

On August 11, 2004, Wallace filed a motion to vacate his sentence under 28 U.S.C. § 2255.  See Wallace v. United States, C.A. No. 04-363 L ("First Petition"[4]), Memorandum and Order of 12/12/07[5] (Doc. #37) at 4.  In the motion Wallace raised eleven separate grounds for relief, including claims of ineffective assistance of counsel.  See Wallace v. United States, 526 F.Supp.2d 277, 280 (D.R.I. 2007).  Thereafter, Wallace sought to amend his § 2255 motion to add a claim that his counsel was ineffective for failing to challenge an "unwarranted double-counting" in the imposition of his sentence.  See id.  The Government concurred that double counting had occurred in the calculation of Wallace's sentence and that re-sentencing was warranted.  See id.  Senior Judge Ronald R. Lagueux then issued a Memorandum and Order dated May 25, 2006, granting the motion to amend and granting § 2255 relief solely on the basis of the

---

United States v. Wallace, 82 Fed. Appx. 701 (1st Cir. 2003).

[4] Although 28 U.S.C. § 2255 uses the term "motion" rather than "petition," the First Circuit has stated that "the latter word is more commonly used to describe the vehicle by which a person held in custody seeks post-conviction relief."  Raineri v. United States, 233 F.3d 96, 97 n.1 (1st Cir. 2000).  Thus, this Court identifies Wallace's first filing under 28 U.S.C. § 2255 as the "First Petition."  See id. (using the term "petition" in discussing federal prisoner's post-conviction motion under 28 U.S.C. § 2255).

[5] The Memorandum and Order may be found at 526 F.Supp.2d 277 (D.R.I. 2007).  Hereafter, the Court cites to the published opinion.

calculation of Wallace's sentence. See id.; see also Wallace v. United States, No. Civ.A. 04-363-L, 2006 WL 1495518 (D.R.I. May 25, 2006). Judge Lagueux ordered that Wallace be scheduled for resentencing; that counsel be appointed to represent Wallace at the resentencing hearing; that the U.S. Probation Office prepare a revised presentence report; and that counsel be permitted to file memoranda on 1) whether the Sentencing Guidelines would be mandatory or advisory at Wallace's resentencing, and 2) the extent to which Judge Lagueux could impose a greater or lesser sentence than the sentence originally imposed. See Wallace v. United States, 526 F.Supp.2d at 280. In so ruling, Judge Lagueux did not find it necessary to reach the other claims asserted by Wallace in the First Petition. See id. Wallace's application for a Certificate of Appealability ("COA") was denied by Judge Lagueux on June 21, 2006. See id.

A re-sentencing hearing was held on October 26, 2006, and Wallace was again sentenced to a total of 204 months imprisonment (120 months on Counts 1-3 to be served concurrently and 84 months on Count 4 to be served consecutively). See CR 00-122 S, Amended Judgement (Doc. #172). Wallace appealed this sentence to the Court of Appeals, but his appeal was denied in a judgment issued on May 23, 2008. See United States v. Nickoyan Wallace, No. 06-2606, Judgment (1st Cir. May 23, 2008). On October 6, 2008, the Supreme Court denied Wallace's petition for a writ of certiorari. Nickoyan Wallace v. United States, 129 S.Ct. 137 (2008).

In the meantime, Wallace applied to the Court of Appeals for a COA from Judge Lagueux's ruling on his First Petition, contending that the refusal to address Wallace's other claims constituted an implicit denial of those claims. See Wallace v. United States, 526 F.Supp.2d at 281. The Court of Appeals granted a COA, finding that Judge Lagueux's grant of relief as to the only sentencing claim "neither resolved nor mooted the additional claims directed at the underlying conviction." Id. (quoting Wallace v. United States, No. 06-1981, Judgment at 2 (1st Cir. Feb. 16, 2007). The Court of Appeals remanded the action and directed Judge Lagueux to address all of the remaining claims asserted by Wallace in the First Petition. See id. On December 12, 2007, Judge Lagueux issued a Memorandum and Order, addressing and denying those claims.[6] See Wallace v. United States, 526 F.Supp.2d 277.

---

[6] The remaining claims addressed by the Memorandum and Order were summarized by Judge Lagueux as being: 1) ineffective assistance of counsel based on counsel's failure to call a potentially favorable witness at trial, to challenge identification evidence which Wallace alleges was suggestive and improper and to adequately challenge the testimony of a Government witness, as well as various trial and post-trial errors by counsel; 2) prosecutorial misconduct by the Government, including inter alia soliciting and using false testimony, wrongfully using Wallace's booking photograph and Florida license photograph at trial, and making improper references to prejudicial facts not in evidence; and 3) the two-point increase in his offense level for obstruction of justice as improper under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). See Wallace v. United States, 526 F.Supp.2d at 281.

**Discussion**

In 1996, Congress enacted AEDPA.[7] That statute imposed significant new constraints on proceedings under section 2255. Some of these constraints were temporal; for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition. 28 U.S.C. § 2255(f). Some of these constraints were numerical; for example, **AEDPA required a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals**. Id. § 2255(h). By the terms of the statute, such a certificate will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law. Id. We have interpreted this provision as "stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008)(bold added)(footnote omitted); see also United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).[8]

---

[7] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). See Trenkler v. United States, 536 F.3d 85, 90 (1st Cir. 2008).

[8] In United States v. Barrett, the First Circuit initially explained the impact of AEDPA:

Under AEDPA, a prisoner may file a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

7

As stated in the Facts and Travel section above, Wallace has previously filed a § 2255 petition challenging his conviction and sentence in this case.  Indeed, Wallace refers to his previous § 2255 petition in his Notice.  See Notice at 3 (noting a prior "successful §2255").  Therefore, the instant Petition is a "second or successive" petition within the meaning of the AEDPA, and this Court lacks jurisdiction over it.  See Trenkler v. United States, 536 F.3d at 96 (explaining that § 2255(h) "strip[s] the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward")(quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)); United States v. Barrett, 178 F.3d at 41 (noting that "these pre-clearance provisions are an allocation of subject-matter jurisdiction to

---

unavailable.

28 U.S.C. § 2255 (cross-referencing to § 2244 certification requirements); see also id. § 2244(b)(3)(A) (requiring authorization by the court of appeals "[b]efore a second or successive application ... is filed in the district court"); First Cir. Interim Local Rule 22.2.  "From the district court's perspective," these pre-clearance provisions are "an allocation of subject-matter jurisdiction to the court of appeals." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Therefore, "a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)(citations omitted), cert. denied, 523 U.S. 1123, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998).

United States v. Barrett, 178 F.3d 34, 40-41 (1st Cir. 1999)(footnote omitted); see also id. at 44 (stating that "the idea ... is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack")(quoting O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998)).

the court of appeals")(internal quotation marks omitted).  I therefore recommend that the Petition be dismissed.  See United States v. Barrett, 178 F.3d at 41 ("[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals").

I do not recommend as an alternative that the Petition be transferred to the First Circuit because the Petition is meritless.[9]  As noted by the Government in its Response, Petitioner relies upon the language of the Senate version of a bill, S. 2969, as the definitive authority as to who may appear on behalf of the Government before the grand jury.  See Response at 1-2.  However, the Senate version of the bill was not adopted by both houses of Congress in the final version of the bill.  See id. at 2.  In addition, the constitutionality of various acts taken pursuant to 28 U.S.C. § 515(a) has been litigated in this Circuit and elsewhere.  See id.

In United States v. Wrigley, 520 F.2d 362 (8th Cir. 1975),

---

[9] In United States v. Barrett, the First Circuit noted that:

> Several circuits have mandated transfer, pursuant to 28 U.S.C. § 1631, rather than dismissal.  See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(per curiam); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(per curiam); Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996)(per curiam).  We have not so mandated, but we note that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues.  See Liriano, 95 F.3d at 122-23.

United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999).

9

the Eighth Circuit held that special attorneys appointed by the Attorney General could appear before and present cases to a grand jury without violating the terms of 28 U.S.C. § 515(a).[10]  See United States v. Wrigley, 520 F.2d at 367.  The Wrigley court noted that the statute had been enacted in response to the holding in United States v. Rosenthal, 121 F. 862 (S.D.N.Y. 1903).[11]  See United States v. Wrigley, 520 F.2d at 365.  In its decision, the Eighth Circuit explained that the language ultimately adopted by both houses of Congress was that contained in the House version of the bill, not the Senate language.  See id. at 366.  The court also quoted from the House Report the reasons for the legislation:

> The purpose of this bill is to give to the Attorney-General, or to any officer in his Department or to any attorney specially employed by him, the same rights, powers, and authority which district attorneys now have or may hereafter have in presenting and conducting proceedings before a grand jury or committing magistrate.

---

[10] 28 U.S.C. § 515(a) states:

The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

28 U.S.C. § 515(a).

[11] Wallace cites the Rosenthal case repeatedly in his Petition. See Petition at 5, 7-8.

10

United States v. Wrigley, 520 F.2d at 366 (quoting H.R. Rep. No. 2901, 59th Cong., 1st Sess. (1906)).  This language makes clear that Wallace's premise is erroneous.

Even more significant, however, is the fact that the First Circuit has made plain that an error in the grand jury proceedings of the type Wallace raises in his Petition is rendered harmless by the petit jury's subsequent jury verdict. In United States v. Colon-Munoz, 192 F.3d 210 (1st Cir. 1999), a federal prisoner claimed in a post-trial filing that his indictment should be dismissed because a judicially appointed interim U.S. Attorney had participated in the presentation of his case to the grand jury in violation of Fed. R. Crim. P. 6(d).[12] See id. at 216.  In rejecting his claim for relief, the First Circuit found that it was unnecessary to resolve the issue raised by the prisoner because the Supreme Court had held in United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938 (1986), that

---

[12] Fed. R. Crim. P. 6(d) addresses who may be present for grand jury proceedings:

> (d) Who May Be Present.
>
> > (1) While the Grand Jury Is in Session.  The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device.
>
> > (2) During Deliberations and Voting.  No person other than the jurors, and any interpreter needed to assist a hearing-impaired or speech-impaired juror, may be present while the grand jury is deliberating or voting.

Fed. R. Crim. P. 6(d).

alleged violations of Rule 6(d), which are not raised pre-trial, are rendered harmless as a matter of law by a subsequent guilty verdict at trial.  See United States v. Colon-Munoz, 192 F.3d at 218.  The First Circuit went on to quote from the Mechanik decision:

> [T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

United States v. Colon-Munoz, 192 F.3d at 219 (quoting Mechanik, 475 U.S. at 70, 106 S.Ct. 938).

The same reasoning applies here.  Thus, Wallace's claim cannot succeed.  Accordingly, it would be pointless to transfer the Petition to the First Circuit.

### Conclusion

For the reasons explained above, the Petition is a second petition pursuant to 28 U.S.C. § 2255.  Accordingly, this Court lacks jurisdiction in the absence of a certificate from the Court of Appeals authorizing consideration of the claims raised in the Petition.  Therefore, I recommend that the Petition be dismissed. I do not recommend in the alternative that the Petition be transferred to the First Circuit because it is meritless.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten

(10)[13] days of its receipt.  See Fed. R. Crim. P. 72(b); D.R.I. LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 1, 2009

---

[13] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).