```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND


NICKOYAN WALLACE                |
                                |
       v.                       |    C.A. No. 04-363-L
                                |
UNITED STATES OF AMERICA        |
```

## MEMORANDUM AND ORDER

Ronald R. Lagueux, Senior United States District Judge.

Nickoyan Wallace has filed a renewed motion to vacate sentence pursuant to 28 U.S.C. § 2255 seeking review of his re-sentencing by this Court. For the reasons set forth below, that motion is denied, and Wallace's motion to amend the renewed §2255 motion is likewise denied.

I.   BACKGROUND AND TRAVEL[1]

On November 8, 2001, Wallace was found guilty by a jury of perpetrating an armed robbery of a gun store in Providence.[2] The evidence showed that Wallace and his brother, Timi Wallace, burst into the gun shop, pointed guns at the proprietor and a female store employee and fled with six guns and ammunition.

The pretrial services report (PSR) calculated a guideline sentencing range (GSR) on Counts 1-3 of 97 to 121 months, based on

---

[1] Further details concerning the background and travel of this case are set forth in this Court's Revised Memorandum and Order, on remand, United States v. Wallace, 526 F.Supp.2d 277 (D.R.I. Dec. 12, 2007) (denying remaining claims in Wallace's initial §2255 motion) and United States v. Wallace, 71 Fed. Appx. 868 (1st Cir. 2003)(direct appeal from conviction).

[2] Wallace was convicted of (1) obstruction of interstate commerce by robbery of certain firearms, and conspiracy to so obstruct, in violation of 18 U.S.C. § 1951; (2) robbery of firearms from a federally-licensed dealer, in violation of 18 U.S.C. § 922(u) and 18 U.S.C. § 2; and (3) brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

a total offense level of 29, and a Criminal History Category II. (PSR ¶¶ 7, 8, 14, 58.) The Count 4 offense carried a mandatory consecutive sentence of 7 years (84 months). (Id. ¶32.) This Court sentenced Wallace to 120 months imprisonment as to Counts 1, 2 and 3 to be served concurrently and to 60 months imprisonment on Count 4, to be served consecutively to the sentence on Counts 1 – 3 -- for a total of 204 months (17 years) imprisonment, followed by three years of supervised release.[3]

The Court of Appeals affirmed Wallace's conviction on all counts. United States v. Wallace, 71 Fed. Appx. 868 (1st Cir. 2003), and further review was denied by the U.S. Supreme Court on March 22, 2004. In re: Wallace, 541 U.S. 934 (2004).[4]

Wallace then filed his initial motion to vacate sentence pursuant to 28 U.S.C. §2255, raising 11 separate grounds for relief. He subsequently sought to amend his § 2255 motion, to add a claim that his counsel was ineffective for failing to challenge an alleged "unwarranted double-counting" in the imposition of his sentence. Based on the Government's concurrence as to that new claim, this Court granted the motion to amend and awarded § 2255 relief solely on the basis of the double-counting in the calculation of Wallace's sentence, finding it unnecessary to reach Wallace's other § 2255 claims. See United States v. Wallace, 2006

---

[3] Timi Wallace was separately tried and convicted on the same charges before Judge William Smith of this Court and was ultimately sentenced to 294 months imprisonment See United States v. Wallace, 573 F.3d 82 (1st Cir. 2009).

[4] A second appeal, which Wallace pursued *pro se* from this Court's denial of his motion to vacate conviction pursuant to Fed. R. Civ. P. 60(b), was likewise denied by the Court of Appeals. See 82 Fed. Appx. 701 (1st Cir. 2003).

WL 1495518 at *3-4 (D.R.I. May 25, 2006).[5]

This Court set the matter for re-sentencing, appointed new counsel, Attorney William C. DiMitri, to represent Wallace, directed the U.S. Probation Office to prepare a revised PSR, and ordered both the Government and Wallace to file presentence memoranda on (1) whether the sentencing guidelines would be mandatory or advisory at Wallace's resentencing and (2) the extent to which this Court could impose a greater or lesser sentence than the sentence originally imposed. Id. at *4.

The revised presentence report (RPSR) calculated a guideline sentencing range (GSR) on Counts 1-3 of 97 to 121 months, based on a total offense level of 29, and a Criminal History Category II. (RPSR ¶¶ 22-30), with a mandatory consecutive sentence of 7 years for the Count 4 offense. (Id. ¶33.)  This was the same guideline range as that found in the original PSR for Wallace's original sentencing, although based on different enhancements.[6] In addition,

---

[5]  Wallace applied to the Court of Appeals for a certificate of appealability (COA) from this Court's ruling declining to address Wallace's other § 2255 claims.  The Court of Appeals granted a COA, remanded this matter and directed this Court to address all of the remaining claims asserted by Wallace in his motion to vacate. See Wallace v. United States, No. 06-1981, Judgment at 2 (1st Cir. Feb. 16, 2007). This Court addressed those additional claims, and in a full opinion found them to be without merit and denied relief. See United States v. Wallace, 526 F.Supp.2d 277 (D.R.I. 2007). This aspect of the case is not at issue in this matter.

[6]  The offense level calculation included a three-point enhancement due to the eight firearms involved in the offense (including the six that were stolen), two points because the offenses involved firearms with obliterated serial numbers; two points for restraint of victims; and two points for obstruction of justice. (See Transcript of Re-sentencing Hearing conducted on October 25, 2006 ["Re-sent Tr."] at 20-21, 28.)  This calculation omitted the six-level enhancement for use of a firearm in the offense that was included in the calculation of Wallace's initial sentence.

apparently concerned that this Court would use its new-found discretion under United States v. Booker, 543 U.S. 220 (2005) (holding in part that the guidelines were now advisory only) to impose a heavier sentence, Wallace's counsel filed a sentencing memorandum arguing in part that Wallace should be re-sentenced as if the guidelines were still mandatory.

A resentencing hearing was held on October 25, 2006. After considering a revised presentence report (PSR) and presentence memoranda submitted by counsel, this Court indicated that it would confine any sentence to that within the applicable guideline range and found that range to be 97-121 months for counts 1, 2 and 3, based on an offense level of 29 (as calculated in the RPSR) and criminal history category II, and 84 months on count 4, based on the mandatory penalty. (See Re-sent Tr. at 15, 17-21.) This Court again sentenced Wallace to 120 months imprisonment on counts 1, 2 and 3 to be served concurrently and to 84 months imprisonment on count 4, to be served consecutively, for a total of 204 months imprisonment. See Amended Judgment dated June 4, 2009 (Doc. #222).[7]

Wallace appealed his re-imposed sentence, represented by new counsel, Attorney James Fox, raising as a principal argument that Booker should have applied to his resentencing. The First Circuit affirmed the sentence, United States v. Wallace, Dkt. No. 06-2606

---

[7] This Judgment corrected a clerical error in Wallace's earlier Amended Judgment entered immediately after his resentencing (Doc.#172) and accurately memorializes Wallace's new sentence.

(1st Cir. May 23, 2008), and Wallace's petition for writ for certiorari was denied by the Supreme Court. <u>Wallace v. United States</u>, 129 S.Ct. 137 (Oct. 6, 2008).

Thereafter, Wallace sought and obtained leave to file the instant motion to vacate, challenging his new sentence. <u>See</u> Order dated (Doc.# 232).[8] In its Order this Court directed that any new §2255 motion must be "limited to claims arising from [his] resentencing ... ." <u>Id</u>. As filed, the new motion to vacate asserts three grounds: (1) that appellate counsel was ineffective in failing to argue certain Fifth and Sixth Amendment claims on appeal from Wallace's resentencing; (2) that this Court erred in relying upon factors neither pleaded nor proved in determining his new sentence; and (3) that this Court erred in having the U.S. Probation Office produce a revised Presentence Report (RPSR) in connection with Wallace's re-sentencing.

Wallace subsequently sought and was granted leave to amend his latest §2255 motion to vacate. <u>See</u> Order dated May 7, 2010 (Doc. #239). He then filed an amendment asserting a claim that both his trial and appellate counsel failed to challenge his conviction as an aider and abettor pursuant to 18 U.S.C. § 2. This proposed

---

[8] A separate petition (Doc.#217) filed by Wallace, purporting to challenge the constitutionality of 28 U.S.C. §515(a) and seeking the dismissal of his indictment because one or more Government attorneys were allegedly present during his grand jury proceedings, was dismissed by this Court as a second or successive §2255 motion. <u>See</u> Order Adopting Report and Recommendation of Magistrate Judge David L. Martin (Doc. #230). <u>United States v. Wallace</u>, 2009 WL 2381139 (D.R.I. July 30, 2009). That petition is likewise not involved in the instant matter.

amendment is discussed <u>infra</u>.  This matter is ready for decision.[9]

II. <u>DISCUSSION</u>

A. <u>Resentencing Claims</u>

   1. <u>Relevant Principles</u>

It is well established that the two-pronged test of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) applies to ineffective assistance claims regarding appellate counsel. <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).  As the First Circuit has elaborated:

> To establish ineffective assistance of appellate counsel, a defendant "must first show that his counsel was objectively unreasonable." <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000). As applied to appellate counsel, that standard is difficult to meet because, to be effective, "appellate counsel ... need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." <u>Id</u>. at 288. If a defendant succeeds in making that showing, he must still "show a reasonable probability that, but for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal." <u>Id</u>. at 285.

<u>Thompson v. Spencer</u>, 111 Fed.Appx. 11, 13 (1st Cir. 2004).

Wallace first argues that his appellate counsel was

---

[9] No evidentiary hearing is required in connection with any issues raised by Wallace's motion to vacate or his amendment to that motion, because, as discussed <u>infra</u>, the files and records of this case conclusively establish that the claims asserted therein are without merit. <u>See</u> <u>David v. United States</u>, 134 F.3d 470, 477 (1st Cir.1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). <u>See also</u> <u>Panzardi-Alvarez v. United States</u>, 879 F.2d 975, 985 n. 8 (1st Cir.1989) (no hearing is required where the district judge is thoroughly familiar with the case).

ineffective in failing or refusing to raise claims of due process violations under the Fifth and Sixth Amendments in his direct appeal of his resentencing. Specifically, he asserts that his appellate counsel improperly raised a <u>Booker</u> argument and refused to raise claims challenging (1) the application of the new enhancements applied by this Court in connection with his re-sentencing; and (2) this Court's use of a revised and updated pretrial services report in connection with his re-sentencing. Because Wallace's ineffective assistance claim necessarily involves consideration of the other two claims raised in his motion to vacate, this Court first focuses on the latter two claims, both of which are without merit.

    2.    <u>Sentencing Enhancements</u>

Wallace claims that this Court's consideration and imposition of "post-jury/ ex post facto" sentencing enhancements in calculating his sentence at re-sentencing violated his rights, including due process rights, under the Fifth and Sixth Amendments and was otherwise contrary to law. He asserts that those enhancements should have been included in his indictment and proved to a jury. (<u>See</u> Motion to Vacate at 11-14.)[10]

---

[10] In support of this claim Wallace points to the superseding indictment returned against his brother Timi. This reliance is misguided, as that indictment played no part in the imposition of Wallace's new sentence and the changes therein were not even directed at Wallace. As the Government points out (Gov't Mem. in Response to Pet. under 28 U.S.C. §2255 at 8), the fact that Timi's superseding indictment may have included sentencing factors as part of the allegations therein does not mean that Wallace's sentence, based on the original indictment, was improperly reimposed.

This claim cannot hold water. It is well-established post-Booker that sentencing enhancements need not be found by a jury and that a sentencing judge may find sentencing facts under the guidelines without violating the Sixth Amendment, so long as such findings neither trigger a statutory mandatory minimum sentence nor increase the maximum statutory penalty otherwise applicable for the offense; it is only when such findings are made under a mandatory system that error may occur. See United States v. Martins, 413 F.3d 139, 152 (1st Cir. 2005) (citing United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

Here, Wallace's counsel specifically waived his rights to have the sentencing guidelines deemed discretionary and urged -- whether out of concern that this Court would impose a heavier sentence under an advisory guideline regime or otherwise -- that they be deemed mandatory for Wallace's re-sentencing. See Wallace, No. 06-2606 at *1 (noting that Wallace had waived any Booker argument at re-sentencing by requesting that the guidelines be treated as mandatory). Moreover, even if counsel had not made this request, Wallace fails to show any "specific indicia of a reasonable probability of a more favorable outcome," i.e., a lower sentence. United States v. Sanchez-Berrios, 424 F.3d 65, 80 (1st Cir. 2005). See also Wallace, No. 06-2606 at *1 (even if no Booker waiver found, Wallace failed to show any likelihood of a lesser sentence).

In addition, each of the enhancements imposed by this Court was supported by a preponderance of evidence, and Wallace does not

contend otherwise. Rather, he insists that this Court should have merely deleted consideration of the six-level enhancement for use of a firearm that it found improper under its §2255 ruling, and avoided consideration of any new factors. This is simply not the law. Generally, a sentencing court is free to consider other factors upon resentencing a defendant on remand. See United States v. Maldonado, 242 F.3d 1, 3-4 (1st Cir. 2001). This is *a fortiarari* true where, as here, the re-sentencing occurred not after an appellate remand but after this Court had granted relief under §2255.[11]

In short, Wallace's claim that this Court improperly considered new sentencing enchantments at his re-sentencing is based on inaccurate facts and is contrary to law and must fail.

3. Use of Revised Presentence Report

Wallace's claim that this Court improperly relied on a revised Presentence Report likewise fails. As part of its original grant of relief under § 2255, this Court ordered that the "Probation Office shall prepare a revised presentence report in connection

---

[11] For the same reason, United States v. Ticherelli, 171 F.3d 24 (1st Cir. 1999), cited by Wallace, does not assist him. That case held that upon a resentencing after an appellate remand, a district court may only consider "such new arguments or new facts as are made newly relevant by the court of appeals' decision -- whether by the reasoning or by the result." Id. at 32 (emphasis added). As noted above, here there was no consideration by the Court of Appeals; rather, Wallace's resentencing was done after this Court granted relief under §2255. See Wallace, 2006 WL 1495518 at *4. That ruling imposed no limitation on this Court's ability to consider other applicable sentencing factors for which there was more than sufficient evidence.

with Wallace's resentencing." Wallace, 2006 WL 1495518 at *3-4. Contrary to Wallace's contention, this was perfectly proper. As noted above, the First Circuit has noted that re-sentencing a defendant after a successful §2255 challenge is flexible and a sentencing court is free to reconsider and calculate a proper sentence. Maldonado, 242 F.3d at 4.

Wallace has pointed to no law restricting or precluding this Court from considering a revised presentence report that include consideration of sentencing factors that were different from those sentencing factors initially considered by this Court at Wallace's initial sentencing.  Thus, this Court's consideration of the RPSR at Wallace's resentencing provided the "flexibility" it needed to properly re-sentence Wallace. Id. This claim likewise fails.

   4.   Ineffective Assistance

Returning to Wallace's ineffective assistance claim, this Court finds that appellate counsel was not unreasonable in failing to raise arguments sought by Wallace.  The fact that arguments that counsel did raise were not successful does not establish deficient conduct. See Strickland, 466 at 699 (so long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful). Moreover, even if counsel's performance were deemed to be deficient, it follows from the discussion above, that neither of the arguments that Wallace contends his appellate counsel should have raised would likely have prevailed on appeal, and thus he has not shown

prejudice. See Robbins, 528 U.S. at 285 (petitioner must still show prejudice, i.e., that likelihood that omitted arguments would have prevailed on appeal).

Thus, Wallace's claim of ineffective assistance of his appellate counsel cannot succeed.

B.   Proposed Amended Claim

Wallace seeks to assert an additional claim in connection with the instant motion to vacate.[12] That claim asserts ineffective assistance of both his trial and appellate counsel in failing to challenge the offense of aiding and abetting. (See "Amendment [per F.R.Civ.P. 15(a)] to Motion to Vacate [per §2255]" [Doc. #246] at 1-6.)

The proposed claim fails for multiple reasons.  First, it is beyond the scope of matters that this Court permitted Wallace to raise in this post-resentencing § 2255 motion. See Order dated May 7, 2010 (Doc. #239); Pratt v. United States, 129 F.3d 54, 62 (1st Cir. 1997)(petitioner filing new §2255 petition after re-sentencing may not assert claims that could have been asserted earlier).

Secondly, as the Government points out (Govt. Response to Amended Petition [Doc. #250] at 4-7), the proposed amendment does not relate back to "the same conduct, transaction, or occurrence set forth in the instant motion to vacate." United States v.

---

[12]   As noted above, this Court allowed his request to amend without passing on the merits of the amended claim or whether such claim properly relates back to his original claims. See Order dated May 7, 2010 (Doc.#239).

-11-

Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)(citing Mayle v. Felix, 545 U.S. 644, 648 (2005)).  Here, the alleged failure of either counsel to challenge the aiding and abetting charge at trial or on the first appeal is in no way related to Wallace's challenge to his resentencing.  It follows that, because this claim does not relate back and in essence constitutes a §2255 challenge to his conviction, it is time barred, having been asserted more than one year after Wallace's conviction became final.  See 28 U.S.C. §2255(h); Clay v. United States, 537 US 522, 524 (2003).

Third, even if this claim could be asserted, it is spurious. It has long been established that a violation of 18 U.S.C. § 2 need not be separately charged or pled in an indictment.  See e.g. United States v. Footman, 215 F.3d 145, 153-54 (1st Cir. 2000) ("[A]n aider and abettor charge is implicit in all indictments for substantive offenses, so it need not be specifically pleaded for an aiding and abetting conviction to be returned.") (quoting United States v. Sabatino, 943 F.2d 94, 99-100 (1st Cir. 1991).  Thus, neither counsel could have been objectively deficient for having failed to argue otherwise.

In short, the amendment proffered by Wallace to his motion to vacate is both procedurally barred and substantively devoid of merit.


This Court has considered all of Wallace's other arguments and finds them to be without merit.

III.    CONCLUSION

For all of the foregoing reasons, the Court ORDERS as follows:

(1)   Wallace's motion to vacate is DENIED and DISMISSED; and

(2)   Wallace's proposed amended claim is likewise DENIED and DISMISSED.


IT IS SO ORDERED:


/s/ Ronald R. Laqueux
Ronald R. Lagueux
Senior U.S. District Judge

March 1, 2011